[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Laidlaw Transit, Inc. of Madison, alleges in its complaint that it is the employer of Jacqueline Givens, who was injured when her automobile collided with a vehicle driven by the defendant Beatrice Washington and owned by William Washington. The plaintiff further alleges that in accordance with the Workers' Compensation Act it provided medical care to its employee Givens and now seeks money damages as reimbursement from the defendants.
The file indicates that Givens gave the required notice to her employer, the plaintiff Laidlaw Transit, Inc., but that this plaintiff did not move to intervene in the action brought by Givens against Washington.
Laidlaw Transit now seeks reimbursement from Washington in
CT Page 2869 a separate suit. The employee Givens moves to intervene as a co-plaintiff in this suit in order to file a motion to dismiss. Practice Book 83 provides that "All persons having an interest in the subject of the action, and in obtaining the judgment demanded, may join as plaintiffs." Here, Givens, as driver of the automobile, is clearly an interested party. Thus, Givens' motion to intervene is granted.
Practice Book 142 provides that a motion to dismiss may only be filed by a defendant. Thus, Givens' motion to dismiss is denied. Moreover, this court does have subject matter jurisdiction over what is essentially a claim for reimbursement for amounts expended on behalf of one's employee.
This is not to imply that Laidlaw Transit has a proper cause of action against the Washingtons, but only to note that a motion to dismiss for lack of subject matter jurisdiction is not the proper vehicle to accomplish this end. A motion to strike, Practice Book 152, is a more suitable vehicle for the court to review the legal sufficiency of the complaint.
Therefore, the motion to intervene by Givens is granted, but her motion to dismiss is denied.
So Ordered.
Dated at Bridgeport, Connecticut, this 31st day of March, 1992.
WILLIAM B. LEWIS, JUDGE